## Commonwealth ex rel. Pughe *versus* Davis.

1. A writ of quo warranto is not a writ of right. It rests in the discretion of the court whether the writ shall be allowed. A writ of error will not lie to review the exercise of such discretion.

2. The Act of June 14th, 1836 (P. L. 621), authorizing a writ of error from the judgment of a Court of Common Pleas upon any writ of quo warranto, does not allow a writ of error to the action of the court upon a rule to show cause why a writ of quo warranto should not issue.

February 24th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

ERROR to the Court of Common Pleas of *Lackawanna county :* Of January Term, 1885, No. 222.

Upon the filing of a suggestion for a writ of quo warranto by the Commonwealth ex rel. Lewis Pughe, to test the right of one John R. Davis, to the office of Poor Director for the Scranton Poor District, and alleging that the relator had been duly elected thereto, a rule was granted to show cause why the writ should not issue.

The real question sought to be determined was whether the office of Poor Director in the Scranton Poor District is an elective one, or one to be filled by appointment of the President Judge of the county.

Afterwards the court (HAND, J.), upon consideration of the Acts of Assembly respecting the said office, being of opinion that the office was not an elective one, discharged the rule and refused the writ. Whereupon the relator took this writ of error, assigning for error the action of the court.

*Edward Merrifield* and *T. F. Penman,* for plaintiff in error.

*Samuel W. Edgar* and *Lemuel Amerman,* for defendant in error, moved to quash the writ of error.—A writ of quo warranto is not a writ of right, and courts are not bound to issue it except in the exercise of a sound discretion : Commonwealth *v.* Reigart, 14 S. & R., 216 ; Commonwealth *v.* Cluley, 6 P. F. S., 270 ; Commonwealth *v.* Jones, 2 Jones, 365 ; Commonwealth *v.* McCarter, 2 Out., 607. A writ of error does not lie to the exercise of a sound discretion vested in the court below : Renninger *v.* Thompson, 6 S. & R., 1 ; White *v.* Leeds, 1 P. F. S., 187; Gump's Appeal, 15 Id., 476. A writ of error is a statutory right, and unless given by statute it does not lie. Under the statutes relating to writs of quo warranto, a writ of error will lie only to the judgment of the court upon

[Commonwealth *v.* Davis.]

a writ of quo warranto itself: Const. of Penna. Art. 5, § 3; 2 Purd. Dig., 1208, 15 and 16.

Mr. Justice Paxson delivered the opinion of the court, March 23d, 1885.

We are asked to quash this writ upon the ground that error does not lie to the refusal of the court below to allow a writ of quo warranto.

It is settled law both in this country and in England that quo warranto is not a writ of right; it rests in the sound discretion of the judge whether he will allow the writ. The late Chief Justice Gibson has made this so plain in Com. *v.* Jones, 2 Jones, 365, that no room is left for doubt. The same rule is declared in Com. *v.* Reigart, 14 S. & R., 216; Com. *v.* Cluley, 6 P. F. S., 270, and in Com. *v.* McCarter, 2 Out., 607.

It is equally well settled that a writ of error does not lie to the exercise of a sound discretion. It is sufficient to refer to White *v.* Leeds, 1 P. F. S., 187, and Gump's Appeal, 15 Id., 476.

Our attention was called to the fact that in the case cited from 2 Out., a writ of error under similar circumstances was heard and decided by this court. This is so, but in that case the question was not raised, nor was it called to our attention in any manner. The judgment was affirmed upon the merits; had the point been made the writ would probably have been quashed. It is always well to remember that a case is authority only for what is decided.

Section 15 of the Act of 14th June, 1826, P. L. 621, Purdon 1208, authorizes a writ of error to be sued out by any person aggrieved "by the judgment of any Court of Common Pleas upon any writ of quo warranto," &c. This provision cannot, by the most liberal interpretation of the statute, be extended to allow a writ of error on the part of a person aggrieved by the action of the court upon a rule to show cause why the quo warranto should not issue.

It might be a sufficient reason why a writ of error would not lie in such case, to say that the Act of Assembly does not give it.

Writ quashed.