# Supervisors of Saucon Township, Plffs. in Err., v. Charles Brodhead.

## Same v. Same.

A writ of certiorari to review a decree confirming a report of viewers laying out a public road, taken more than two years after the final confirmation of the report, will be quashed.

A writ of error to review an order granting a writ of alternative mandamus is premature, and will be quashed.

(Decided March 21, 1887.)

January Term, 1887, Nos. 320, 315, E. D. Certiorari to the Quarter Sessions of Northampton County to review a judgment confirming the report of viewers; and error to the Common Pleas of Northampton County to review a judgment granting a writ of alternative mandamus. Writ quashed.

Some of the inhabitants of Saucon township, particularly of the University district, deeming it necessary to have a well-defined public highway to lead from the southern line of the borough of South Bethlehem at Birch street westwardly, to a point on the line of Chestnut street, known as the western terminus of Packer avenue, petitioned the court of quarter sessions on June 2, 1884, to appoint proper persons to view and lay out the same according to law.

Charles Brodhead was not a petitioner for the road.

An order appointing viewers was accordingly made.

The viewers reported as follows:

"That they gave due written notice to the owners of the lands through which the proposed route was intended to pass, of the time and place of meeting to perform the duties of their appointment, as appears by the hereunto attached affidavit.

NOTE.—For the time of appealing, and the effect of delay, see note to Gillespie v. Campbell, 1 Sad. Rep. 145.

An order making absolute a rule for an alternative mandamus is not a final judgment from which an appeal lies. Lehigh Coal & Nav. Co.'s Appeal, 112 Pa. 360, 5 Atl. 231. Nor was the refusal of the writ, where not required by statute, prior to 1893. Com. v. Lackawanna County, 133 Pa. 180, 19 Atl. 351. See now the act of June 8, 1893 (P. L. 345), permitting an appeal within twenty days.

"That on Saturday, June 14, 1884, at 2:30 in the afternoon, in accordance with said order and notice, the viewers met on the premises in Saucon township for the purpose of performing the duties imposed upon them by the said order.

"That the following named persons were present, to wit: Howard Knecht, William Henn, James Bœhm, James R. O'Brien, W. A. Wilbur.

"That, after having been duly and severally sworn according to law, proceeded to view the premises and assess the damages; and, after having carefully viewed the same, we find and report that there is occasion for a public road, to be located in the manner described in said order, the courses and distances to be as follows: Commencing at a point the southeastern extremity of Birch street, being in the southern line of the borough of South Bethlehem, then south 88 degrees, west 1,132 feet, thence south 75¾ degrees, west 468 feet, to a point known as the western terminus of Packer avenue, as will more fully and at large appear by the annexed map or plan of said road, as laid out by the undersigned viewers.

"That the said viewers having decided in favor of locating said road, in manner as aforesaid, endeavored to procure from the persons over whose lands such location was made, releases for damages arising from the opening of said road, and were refused by said owners, and therefore failed to procure such releases.

"That thereupon the said viewers proceeded to view the said premises and assess the damages which the said persons, who refused to release as aforesaid, will sustain by reason of the opening of said road. The visitors aforesaid find that by reason of said opening it will take and occupy portions of lands belonging to the Lehigh University, and portions belonging to Charles. Brodhead; and that the said University and the said Charles. Brodhead therefore sustain damages as follows, to wit: Lehigh University $100; Charles Brodhead $136.50."

The report was presented and confirmed nisi June 16, 1884. It was confirmed absolutely September 1, 1884; and the court directed the road to be opened 30 feet wide and according to the report.

On December 15, 1884, the supervisors of Saucon township obtained a rule to show cause why the confirmation of the report should not be stricken off, and the report set aside.

On July 25, 1885, upon discharging the rule the court, Schuyler, P. J., delivered the following opinion:

This report is palpably defective in that it does not state affirmatively, as required by the rule of court, that notice had been given to the supervisors of the township of the intended view; and if an exception to this effect had been filed in proper time it would have been our plain duty to have set the report aside. But this was not done. The report was confirmed absolutely September 1, 1884. Two days thereafter an order to open the road was issued and promptly served on the supervisors. In pursuance of this order the supervisor in whose district the road was located proceeded in the following month of October to open the road with a force of twenty men. The petition on which the present rule is grounded was not presented until December 15, 1884. This, we think, in the absence of any excuse for delay, was clearly too late. It is true as argued by the learned counsel for the rule, that the supervisors have had no day in court; but the answer is that they might have had, if, as soon as they heard of the proceedings, they had moved to have them set aside. *Vigilantibus, non dormientibus, leges subveniunt.*

The objection that the report does not show that the road is laid out over the lands of Charles Brodhead and of the Lehigh University is at variance with the fact. This sufficiently appears from the draft which is a part of the report. *Re* Road, 13 Serg. & R. 84.

It also sufficiently appears, we think, that the road is in Saucon township. The viewers report that "they met on the premises in Saucon township." The order to open the road was directed to the supervisors of that township, and the road was actually opened by one of their number. It is true, according to the draft, that the viewers in running the line of the road adopted the southern line of the borough of South Bethlehem for a considerable distance. Ordinarily the line returned by the viewers is to be regarded as the center line of the road; but evidently the supervisors did not so regard the present line, for it is not pretended that any part of the road actually opened by the supervisors is within the corporate limits of the borough of South Bethlehem. Under no circumstances, therefore, can that borough be held for any part of the damages.

On August 10, 1885, Charles Brodhead presented to the com-

mon pleas of Northampton county a petition in which he recited the proceedings in the quarter sessions to the assessment of damages to him, and alleging that the supervisors of Saucon township had failed and refused to pay the damages, prayed that a mandamus might issue commanding them to pay.

The common pleas granted a rule to show cause why a writ of alternative mandamus should not issue as prayed.

The supervisors filed the following answer:

"First, Lower Saucon township is not liable to make payments of said damages because no road damages have been assessed by the viewers laying out the road mentioned in said petition against said township. Neither the petition for the appointment of the viewers to lay out the public road therein mentioned, nor the report of the viewers, does locate said road in said township. The petition states 'to lead from a point the southeastern extremity of Birch street, being the southern line of the borough of South Bethlehem, thence westwardly along what is known as the western terminus of Packer avenue,' and the report of the viewers laying out said road states, 'commencing at a point the southern extremity of Birch street, being on the southern line of the borough of South Bethlehem, thence south 88 degrees, west 1,132 feet, thence south 75¾ degrees, west 468 feet, to a point known as the western extremity of Packer avenue.' The report does not state that the road is laid out through lands of Charles Brodhead.

"Second, because the draft attached to the report of viewers shows that the road is not laid out through the territory of Lower Saucon township. It exhibits the fact that the road is laid out on the borough line. It does not show that it is the dividing line between the borough of South Bethlehem and Lower Saucon township.

"Third, because the road as laid out, the report shows, passes entirely over and upon the roadbed known as Packer avenue, being over and upon another roadbed; and the law prohibits laying a new road upon the roadbed of another road already opened, or along the line of such a road.

"Fourth, the supervisors of said township never had any notice of the time of the meeting of viewers who laid out said road."

On January 24, 1887, the rule was made absolute and a writ of alternative mandamus issued.

On February 12, 1887, the supervisors obtained a certiorari to review the proceedings in the quarter sessions, and a writ of error to review the proceedings in the common pleas.

Upon the former writ the assignment of error specified the action of the quarter sessions: (1) In confirming the report of the viewers, because it did not affirmatively set forth that notice of the view had been given to the supervisors of Saucon township, wherein the proposed road was to be located; (2) in not referring the report back to the viewers, and in not granting a review; (3) in assuming jurisdiction of the petition and proceedings for laying out a road on, along, or at the side of Packer avenue, a street already dedicated and opened of the width of 60 feet; and (4) in confirming the report of viewers at the same term of their appointment, and in not quashing the proceedings for the road, because they were illegal.

Upon the latter writ the assignments of error specified the action of the common pleas in awarding the mandamus, and in subsequently overruling a motion to quash the mandamus.

*A. S. Knecht* for plaintiffs in error.

*J. Davis Brodhead,* for defendant in error.—The writ of certiorari in this case was taken more than two years after the report of the viewers was confirmed, and more than two years after the road was actually opened by the plaintiffs in error and should be quashed. Act of April 1, 1874, P. L. 50; *Re* Road, 4 Sad. Rep. 299.

Further, there were no exceptions filed to the report of viewers; and none of the assignments of error were properly "presented to the consideration of the court below, and for that reason will not be noticed here." *Re* Road, 18 Pa. 463.

*A. S. Knecht,* in reply.—A defendant has no day in court so long as he has no knowledge of any proceedings against him. Central R. Co.'s Appeal, 102 Pa. 38.

The supervisors petitioned the court, not only to strike off final confirmation, but also for a review. They were entitled to a review under act of June 13, 1836 (Purdon's Digest, § 103, p. 1510).

The rule was dismissed July 27, 1885, for application of review. The certiorari taken February 12, 1887.

A final decree is that which ends a case in the court below. Act of March 16, 1868, § 1 (P. L. p. 46); Hilbish v. Catherman, 60 Pa. 444.

The case was not decided finally in the court below until July 27, 1885, when the court discharged the rule.

The rule entered December 15, 1884, to strike off final confirmation of the report and grant a review suspended the decree of confirmation, which did not become final until July 27, 1885, when the rule was discharged.

PER CURIAM:

These cases were argued together. The certiorari issued more than two years after the final confirmation of the report of the viewers; and there is no final judgment in the case in which the writ of error issued. Neither writ can be sustained, therefore. Writ in each case quashed.