## COMMONWEALTH v. LACKAWANNA CO.

APPEAL BY RELATOR FROM THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY.

Argued February 25, 1890—Decided March 10, 1890.

An appeal and certiorari will not lie from an order of the Court of Common Pleas discharging a rule to show cause why a writ of mandamus should not issue: Section 32, act of June 14, 1836, P. L. 628; Commonwealth v. Davis, 109 Pa. 128.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and Mc-COLLUM, JJ.

No. 84 January Term 1890, Sup. Ct.; court below, No. 575 October Term 1889, C. P.

On August 5, 1889, Thomas J. Jordan filed a petition averring that on the third Tuesday of February, 1889, he had been duly elected, and afterwards qualified, as collector of taxes for the borough of Oliphant, under the provisions of the act of June 25, 1885, P. L. 187; that thereupon it became the duty of the commissioners of Lackawanna county to issue their duplicate for county taxes for the year 1889, for said borough, to

the petitioner, which duty the said commissioners had refused to perform on application made to them; praying for a rule to show cause why a writ of mandamus should not issue.   On the filing of this petition, a rule upon the commissioners to show cause why an alternative writ of mandamus should not issue as prayed for, was granted.

The rule granted was served, but no answer filed, and on September 23, 1889, after argument, the court, ARCHBALD, P. J., filed an opinion in which, after considering the act of June 25, 1885, P. L. 187; act of April 15, 1834, P. L. 511; section 1, article IX. of the constitution; Evans v. Phillipi, 117 Pa. 226; Ayars' App., 122 Pa. 281; section 7, article III. of the constitution; Hannick's Bond, 3 Pa. C. C. R. 254, it was held that the said act of June 25, 1885, was unconstitutional, the rule to show cause was discharged, and the relator's petition dismissed: See Commonwealth v. Lackawanna Co., 7 Pa. C. C. R. 173.

Thereupon the relator took this appeal, specifying that the court erred in dismissing the relator's petition and discharging the rule granted.

On the argument at Bar, counsel for the appellee moved to quash the appeal, for the reasons : 1. The appeal is not granted by the statute.   2. An appeal does not lie, because the discharge of the rule was within the discretion of the court below. 3. Mandamus is not the appropriate remedy.

*Mr. Louis A. Watres*, for the motion.

Counsel cited: (1) Section 3, article V. of the constitution; Commonwealth v. Davis, 109 Pa. 128; sections 18–34, act of June 14, 1836, P. L. 626; section 1, act of May 25, 1881, P. L. 33; Renninger v. Thompson, 6 S. & R. 1; White v. Leeds, 51 Pa. 187; Gump's App., 65 Pa. 476.   (2) High on Extra. Rem., § 49; United Fire Ass'n v. Benseman, 4 W. N. 1.

*Mr. I. H. Burns*, contra.

Counsel cited: Section 32, act of June 14, 1836, P. L. 628; Commonwealth v. Hibernia Soc., 2 Brewst. 441; Ex parte Morris, 11 Gratt. 292; Pontius v. Nesbit, 40 Pa. 310; Pottsville Bor.'s App., 22 W. N. 431.

Syllabus.

PER CURIAM:

This was an appeal from the order of the court below discharging a rule to show cause why a writ of alternative mandamus should not issue. We need not discuss the merits of the case, as we are satisfied that an appeal does not lie. It is true the thirty-second section of the act of June 14, 1836, provides that "the party aggrieved by the proceedings had in any Court of Common Pleas upon any writ of mandamus may remove the same, after the first (final) judgment, order, or decree therein, by writ of error into the Supreme Court, as in other cases." There was not a final judgment here; there was not even a writ of mandamus; there was nothing but a rule to show cause why an alternative writ should not issue. The refusal of this writ was in the discretion of the court below, and is not reviewable here: Commonwealth v. Davis, 109 Pa. 128. We need not discuss the alleged inconveniences of this rule; it is sufficient for us to follow the act of assembly. But, if any one is usurping an office which he has no right to hold, the party injured is not without remedy. A writ of quo warranto has been found useful in such cases.

Appeal quashed at the costs of the appellant.

