# Commonwealth ex rel. v. Bird, Appellant.

*Appeals—Interlocutory order—Alternative writ of mandamus—Quashing appeal—Act of June 8, 1893, P. L. 345.*

An order awarding an alternative writ of mandamus is an interlocutory order from which no appeal lies. The Act of June 8, 1893, P. L. 345, gives no appeal from such an order.

Argued Nov. 20, 1912. Appeal, No. 209, Oct. T., 1912, by defendants, from order of C. P. Bradford Co., May T., 1912, No. 410, awarding alternative writ of mandamus in case of Commonwealth ex rel. Dayton F. Ellsworth v. George N. Bird, Jesse L. Ellsworth and Miles E. Horton, Overseers of the Poor of Bradford County Poor District. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Appeal quashed.

Petition for mandamus.

*Error assigned* was order awarding alternative writ of mandamus.

*Rodney A. Mercur,* county solicitor, for appellants.

*W. P. Wilson,* of *Lilley & Wilson,* for appellee.

OPINION BY MORRISON, J., February 27, 1913:

The question involved in this appeal and raised by the single assignment of error is that the court below erred in

awarding an alternative writ of mandamus requiring the defendant to pay a certain judgment recovered by the plaintiff against the defendant or show cause, etc.

The question first to be considered is the right of appeal from an order awarding an alternative mandamus. Such writ is, in substance, a rule to show cause why a mandatory writ of mandamus should not issue and we have not been referred to any act of assembly or controlling decision which allows an appeal from such an order. Prior to the Act of June 8, 1893, P. L. 345, it was several times decided that no appeal lies from such an order. In Com. v. Lackawanna Co., 133 Pa. 180, the Supreme Court said: "It is true the thirty-second section, of the Act of June 14, 1836, P. L. 621, provides that 'the party aggrieved by the proceedings had in any court of common pleas upon any writ of mandamus may remove the same, after the first (final) judgment, order or decree therein, by writ of error into the Supreme Court, as in other cases.' There was not a final judgment here; there was not even a writ of mandamus; there was nothing but a rule to show cause why an alternative writ should not issue. The refusal of this writ was in the discretion of the court below, and is not reviewable here: Com. v. Davis, 109 Pa. 128." While that case is not strictly in point upon our question yet it is quite instructive.

In Supervisors of Saucon Township v. Brodhead, 5 Sadler, 587, it is held by the Supreme Court as follows: "A writ of error to review an order granting a writ of alternative mandamus is premature, and will be quashed." This case is also reported in 9 Atl. Repr. 63.

It is quite clear that prior to the Act of June 8, 1893, P. L. 345, no appeal would lie from an order awarding an alternative mandamus. It remains to inquire whether the act of 1893 changed the law on that question. In our opinion, it did not, and we here quote from said act. Section 29, p. 349, reads: "The party aggrieved by the proceedings had in any court of common pleas upon any writ of mandamus may remove the same at any time

within twenty days after final judgment, order, decree, or in cases where the granting of said writ is required by the first section of this act, at any time within twenty days after refusal to grant said writ, into the Supreme Court by appeal as in other actions at law," etc. It is very clear to us that the alternative writ of mandamus in the present case was not a final judgment, order or decree and, therefore, the present appeal is premature, and it is quashed at the cost of the appellant.