| 200 | 509 |
| f217 | 533 |

## Commonwealth ex rel. *v.* Stevenson, Appellant.

*Corporation—Eligibility of directors—Payment of dues on shares.*

Where the by-laws of a corporation provide that a stockholder can only be eligible to the position of director if at least three months' dues have been paid on his stock, a person who subscribes for stock a few hours before the election, and pays nothing thereon, but tells the secretary of the company to pay the three months' dues for him, which the secretary does a few days after the election, such person is not eligible to the position of director, and if he has been elected director, he will be ousted from the office.

Argued March 6, 1901. Appeal, No. 51, Oct. T., 1901, by defendants, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 414, ousting officers of a corporation in case of Commonwealth ex rel. Elijah Lauffer, C. L. Stevenson, W. J. Stevenson, W. J. Hudson and Benjamin Brown v. A. K. Stevenson, Harvey Henderson, Austin Pearce, Roland T. White and D. K. Boas. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Quo warranto to determine title to office of director of a corporation.

McClung, J., found the facts to be as follows:

The relators is this case are stockholders of the Farmers and Mechanics Savings Fund and Loan Association. They also claim to be directors of that corporation. Their right to the office of director, however, depends upon the right of the president of the board of directors to decide the question of the eligibility of the present respondents, and thus create a vacancy and then fill it. This he cannot do: Commonwealth ex. rel. v. Detweiller, 131 Pa. 614.

We have then a writ of quo warranto, the relators being simply stockholders of a private corporation, the purpose being to oust certain directors and the secretary and general manager on the ground of ineligibility.

The respondents were elected and appointed in the manner provided by the laws governing the association. If they were eligible, there is no ground for disturbing them.

First as to the four respondents who claim to be directors: Were they at the time of election eligible?

The by-laws provide, " Any stockholder whose stock is in good standing is eligible to the position of director, provided, if the stock be instalment stock, that at least three months' dues have been paid thereon."

These respondents had no connection with the company prior to December 20, 1900. On the morning of that day the four persons each subscribed for five shares of installment stock. On the afternoon of the same day, vacancies were created in the board of directors by resignation, and these four persons were elected to fill them. (The board of directors consisted of five, so that but one old director, the president, remained.)

The relators aver that these parties had not paid three months' dues on their stock, and therefore were ineligible. The answer of the respondents avers that prior to their election as directors, they " were the owners and holders of stock in said corporation whereon there had been paid three months' dues, according to the requirements of the by-laws."

The parties agreed that the facts should be found by the court.

It will be perceived that the one pivotal fact in dispute is

whether the respondents chosen as directors had paid three months' dues on their stock. We have already stated that these parties subscribed for the stock on the morning of the day they were elected directors. These subscriptions were on that morning handed by A. K. Stevenson, one of the parties, to P. V. Land, the secretary and treasurer of the company, and also one of the directors, who on that day resigned, that the respondents might be appointed. He paid nothing at the time, but being told that "it would take $35.00," said to Land, "You just pay it for me and I will pay you to-morrow or next day." He says that he, a few days afterward, paid the amount, and that the other three parties subsequently paid him. Admittedly Stevenson's payment to Land was some days after December 20, the day of the election of directors.

It thus appears that the controlling and only disputed fact is, did Land pay the $3.75 dues on each five shares of stock to the association before the election in the afternoon of December 20? The other money, $20.00, is made up of an admission fee of $5.00 each, the payment of which is not a prerequisite to eligibility.

In enacting the by-law providing that no one on whose stock three months' dues had not been paid should be eligible to the directorship, the company probably intended that no one should be a director who had not been a stockholder for three months. We, however, give the respondents the benefit of the literal rendering of the law. If, however, they are allowed to prepay and become eligible the day they subscribe, they cannot complain if they are held to a strict compliance with the by-law. In the present case, they, although Land was the secretary and treasurer of the company, constituted him their agent to furnish and pay the money. The burden is upon them to show that he did this. Have they shown that he separated the money from his own funds and put it into the control of the company, so as to complete the payment? He did not enter the payment on the book of the company until January 4, 1901. Two witnesses testified that on December 27 or 28, he told them he yet had the money in his pocket. He says that he put the advance dues, $3.75 each, in a drawer in the safe on December 20, attaching a memorandum showing what it was, but forgot or neglected to enter the payment on the books; that he

retained the admission fees as his commission, that he spoke of them when he said on December 27, that he had the money in his pocket ; but that he that day added this $20.00 to the money in the safe.　These payments were not entered on the subscription card, as seems to be the custom.　The drawer in the safe is one to which Land alone had the key.　The memorandum which was attached to the money is without date, and it shows a deposit for each one of $8.75, or $35.00 in all, although admittedly $20.00 of that amount was not put in the safe until December 20, 1900.

If this memorandum was intended to show other officers or employees of the company where the money came from, why attach a $35.00 memorandum to a deposit of $15.00?　This seems to corroborate the witnesses, who say that on the 27th Land simply claimed that he had the money in his pocket.　If this is so, then he either meant that he had money of his own sufficient to pay the advance, or that he had, then, the money which A. K. Stevenson paid him some days after the election. It is even doubtful whether, under the circumstances, a putting of the money in a drawer of which Land alone had the key, with no entry on the books, should be considered as a payment.　But we do not consider it necessary to rest our conclusion on this.　These respondents have not shown the payment of the money prior to the election.

We find as a fact: That at the time of the election no one of the respondents, Austin Pearce, Roland T. White, Harvey Henderson or A. K. Stevenson, was the owner of stock in said corporation whereon there had been paid three months' dues, according to the requirements of the by-laws.

The court entered judgment of ouster.

*Error assigned* was the order of the court.

*J. McF. Carpenter* and *William A. Challener*, with them *Clarence Burleigh*, for appellants.—A person who has been received and who has acted as a stockholder, cannot, when called upon to contribute the amount of his shares, set up as a defense that he failed to pay the preliminary deposit requested by law : Morawetz on Corporations (2d ed.), sec. 743 ; Erie, etc., Plank-Road Co., v. Brown, 25 Pa. 156 ; Hacker v. National Oil Refining Co., 78 Pa. 93.

That respondents acted in good faith no one doubts. That Land, who was secretary and treasurer accepted Stevensons promise to repay the cash temporarily advanced, and at once set apart and earmarked the necessary cash to cover dues is not open to question, and even if he had not, but merely issued the necessary evidence of membership and payment of dues, and subsequently collected the cash, it is "sticking in the bark" to say that the dues were not paid, or that this irregularity justified the judgment from which this appeal is taken.

*J. S. Ferguson,* with him *E. G. Ferguson,* and *S. A. Johnston,* for appellees.—The respondents in this case were clearly ineligible to serve as directors if, as a matter of fact, they had not at the time of the election paid on their instalment stock at least three months' dues : Horton v. Wilder, 48 Kansas, 222; Rex v. Westwood, 2 Dow. & Cl. 21; Mechanics' & Farmers' Bank v. Smith, 19 Johns. (N. Y.) 115; Thompson on Corp. sec. 955; Cross v. W. Va., etc., R. Co., 37 W. Va. 342; Reg. v. Saddlers' Co., 32 L. J. Q. B. 337; Thompson on Corp. sec. 8457.

PER CURIAM, October 11, 1901 :

The findings of fact and the opinion considered in connection with them resulted in an ouster of the five defendants who appealed from the judgment of the court of common pleas No. 3, and now solicit a reinstatement to the offices from which they were removed. It is alleged by the defendants that the court erred in the matters referred to in the specifications, and that the ouster complained of was unauthorized and unwarranted. The specifications do not convince us of error as claimed by the defendants but that the ouster entered by the learned judge of the court below was fully warranted. We therefore dismiss the appeal and affirm the judgment of the court.

Judgment affirmed.