## Commonwealth ex rel. Markovitz v. Trans-United Industries, Inc.

*Markovitz & Stern,* for plaintiff.

*F. Poul,* for defendants.

BROWN, JR., P. J., February 27, 1961.—This is an action in quo warranto brought by Victor S. Markovitz against Trans-United Industries, Inc., a Pennsylvania corporation, and Frank Brus, Louis J. DiSalle, Joseph H. Dworetsky, Samuel Efron, Samuel Feldman, Hyman Marcus and John C. McAvoy, as individual defendants. In the complaint, it is alleged that Markovitz is the registered holder of 200 shares of stock of defendant corporation, and that on December 1, 1960, he was present at a stockholders' meeting which was held for the purpose of electing a board of directors.

It is further alleged in the complaint that a contest took place for the various offices of director, and that the chairman of the meeting declared the individual defendants elected directors although the majority of the valid ballots cast were in favor of other candidates. Plaintiff seeks by means of this action to have the election declared a nullity and to remove the individual defendants from office. To this complaint, defendants have filed preliminary objections, which are in the nature of a demurrer and a motion to strike. As a basis for the demurrer, it is contended that plaintiff has no standing to maintain the action. Defendants' motion to strike is premised on Pa. R. C. P. 1111 and 2002, and the fact that the action is brought in the name of the Commonwealth rather than in the individual name of relator.

It is well settled that the proper proceeding to test the right to the office of a director of a corporation is quo warranto: The Commonwealth v. Gill, 3 Wharton 227; The Commonwealth v. Arrison, 15 S. & R. 127. This is not disputed. What is questioned by the demurrer is the right and standing of plaintiff stockholder, qua stockholder, to bring the action. Defendants' contention is that only the person or persons who are alleged to be rightfully entitled to the office or offices involved in the proceeding, or those acting for them, are invested with the requisite interest so as to provide the standing to sustain the action. It has been held that a private person has no right to use the writ of quo warranto to enforce a public right involving no personal grievance: Dorris v. Lloyd (No. 2), 375 Pa. 481, 483. This, of course, is no ground for the conclusion that the stockholder in the instant case has no interest in the matter which is different in nature and kind from that of the public at large. It takes no extended analysis to demonstrate that a stockholder of a corporation has a real, direct, special, and peculiar

interest in a corporation and the persons who serve as its directors, as distinguished from that of the public at large. A stockholder and a corporation are in a relationship based on contract "in which the charter and by-laws of the corporation, the pertinent statutes of the state, and the settled law of the land are embodied." 18 C. J. S. Corporations §477. Manifestly, one not a stockholder is not possessed of these contractual rights which arise out of the ownership of shares of the corporation.

Aside from the general doctrine applicable to actions in quo warranto and the relationship of a corporation to its stockholders, there is authority in support of the right of a holder of stock in a corporation to the writ. In a case where relator happened to be one who had been elected a director in the very election challenged by the action, it was held that the contention that he had no standing to bring the action on that account was without merit. This holding was based on "the rights of the relator as a stockholder, to have his votes properly counted, and the affairs of the company committed to the charge of the officers legally elected by a majority of the stockholders. This is too clear to need further elaboration": Commonwealth ex rel. Morris v. Stevens, 168 Pa. 582, 600. Thus, it is clear that it is not only the person who claims to be entitled to the office who may institute the proceedings, but a stockholder as well: Commonwealth v. Stevenson, 200 Pa. 509; 2 Fletcher Cyclopedia Corporations, Permanent Edition §365; 9 P. L. E. Corporations §196. Therefore, the demurrer must be overruled.

Although not specifically spelled out in the Rules of Civil Procedure, it appears that plaintiff, in an action of quo warranto, no longer is required to bring the suit in the name of the Commonwealth. It is clear that virtually all of the procedural matters which had been peculiar to quo warranto proceedings have been

changed to conform to the action of assumpsit: Pa. R. C. P. 1111. Moreover, there is a sharp distinction made between an action "brought in the name of the Commonwealth" and "An action brought in the name of a party who has an interest distinct from that of the general public": Pa. R. C. P. 1112(*b*) and (*c*). Hence, it would seem that where, as in the present case, plaintiff has an interest to protect distinct from that of the general public, the suit is not to be brought in the name of the Commonwealth: Goodrich-Amram §1113-1. For this reason, the caption placed upon the case is improper, and preliminary objection 2 must be sustained.

Preliminary objection 1 is overruled. Preliminary objection 2 is sustained. Leave is given plaintiff to file an amended complaint within 20 days. Leave is given defendant to plead over within 20 days after the filing of the amended complaint.