## Commonwealth, ex rel., Palmer, Appellants, v. Dallas.

*Elections—Ballots—Error in ballots—Void election.*

In an election for five councilmen, four for terms of four years each, and one for an unexpired term of two years, the names of eight candidates were printed on the ballots, with instructions that five were to be voted for; opposite the name of each candidate the term for which he would serve, if elected, was indicated as being four years; no vote was cast for any councilman for a two-year term. Five of the candidates whose names were on the ballot were returned as elected.   In quo warranto proceedings to test the right of those returned as elected, to hold office as councilmen, the lower court decided that no one had been elected for the short term; that the person receiving the lowest number of votes of those re-

turned as elected should be ousted, and that the others were entitled to retain their seats. *Held,* that the election was not a free expression of a public choice, and was void, and judgment of ouster was entered against all the respondents.

Gilroy v. Commonwealth, 105 Pa. 484, distinguished.

Argued Feb. 8, 1915. Appeal, No. 240, Jan. T., 1914, by Commonwealth, from judgment of C. P. Chester Co., April T., 1912, No. 75, in quo warranto proceedings, in case of Commonwealth of Pennsylvania, Ex Relatione J. Monroe Palmer and J. Ellwood Worrall v. Robert E. Dallas, Charles G. Gawthrop, Warren W. Holton and William H. Walker. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Reversed.

Suggestion for quo warranto to test the right of respondents to hold office as councilmen in the Borough of Kennett Square. Before BUTLER, J.

The opinion of the Supreme Court states the facts.

The case was tried before the court without a jury and judgment was rendered against the respondent, William H. Walker, and in favor of all the other respondents. The Commonwealth appealed.

*Error assigned,* among others, was the judgment of the court.

*Robert S. Gawthrop* and *A. M. Holding,* for appellants.

*J. Frank E. Hause,* for appellees.

OPINION BY MR. JUSTICE STEWART, May 26, 1915:

At the municipal election held 4th November, 1913, in the Borough of Kennett Square, five councilmen were to have been elected, four for a term of four years each, and one to fill an unexpired term of two years. The official ballot contained the names of eight candidates, with printed instructions directing that five of those

whose names appeared were to be voted for. In the column opposite the name of each candidate the name of the party presenting him was indicated, and the term for which he was to serve, if elected. In each case the term indicated on the ballot was four years. The result was that not a single vote was cast for any one for the two years' term. Certificates of election having issued to the five candidates receiving the highest number of votes, these promptly proceeded to cast lots for the long and short term. On the first Monday of January following these five, together with the councilmen whose terms had not expired, met and organized the council. Thereupon the present proceeding by quo warranto was instituted at the information of the relators who had been elected councilmen in February, 1910, and claimed to hold office until their successors had been duly elected, against the relators claiming under the election of 1913. The case was heard by agreement by the court without a jury. The issue presented was one of law exclusively. What effect, if any, was to be given the election held 4th November, 1913? The learned court while holding that no one had been elected to the short term, rendered judgment of ouster against William H. Walker, who had been selected by lot to that term, but was of opinion that, notwithstanding the error appearing on the official ballot in directing the electors to vote for five candidates for a term of four years, yet a legal result would be reached by selecting out of the five who had been declared elected the four who had received the highest number of votes, and rejecting the fifth and lowest, and these four he held were therefore legally elected. The error assigned on the appeal is the court's refusal to include in the judgment of ouster as well the defendants, Robert E. Dallas, Charles G. Gawthrop and Warren W. Holton, each claiming a four years' term. In the conclusion reached by the court that the four who had received the highest number of votes were duly elected we cannot concur, for the simple reason that there is no

rule by which it can be determined how the votes cast
for the fifth highest would have been distributed between
the several candidates had the electors' choice been lim-
ited to four.   The elector by his vote indicated his choice
of five candidates, but which of those candidates he
would have rejected, had his vote been limited to four,
no one can tell.   The case of Gilroy v. Com. 105 Pa. 484,
on which the court relied for its conclusion was decided
in 1884, prior to the enactment of the laws now govern-
ing and controlling the manner of conducting elections.
In that case there were but two school directors to elect,
whereas a number of electors cast their votes for a full
board of six.   The court below held that the two receiv-
ing the highest number of votes were elected, and that the
election of the other four was a nullity.   On appeal this
view was sustained by this court.   The distinction be-
tween that case and this is to be found in the fact that in
the earlier case there was no official ballot as in this, and,
as this court in the opinion was careful to state, it was
there a mistake of the citizens themselves for which they
alone were responsible.   In this case the mistake was in
the official ballot to which the voter was confined, and
which directed a vote for five when but four could be
elected.   Since the Gilroy case was decided the legis-
lature by Act of June 10, 1893, P. L. 419, Sec. 13, has
enacted, that "The county commissioners of each county
shall cause all the ballots to be used therein to be printed.
The said commissioners shall ascertain the offices to be
filled, and shall be responsible for the accurate printing
of the ballots in accordance with this act, and for the safe
keeping of the same while in their possession."   Recent
legislation has changed our whole system of public elec-
tions so much so that the case of Gilroy, supra, is no
longer an authority in such an issue as this.

It follows from what we have said that from the munic-
ipal election held 4th November, 1913, for the Borough
of Kennett Square, no legal choice of councilmen re-
sulted, for the reason that the election was in no sense

a free expression of a public choice; that while judgment of ouster was properly entered against the respondent, William H. Walker, it was error not to include in the same judgment as well the other respondents, Charles G. Gawthrop, Robert E. Dallas and Warren W. Holton. The error assigned is the refusal of the court to enter a judgment of ouster against these respondents. This assignment is sustained; the judgment as entered in the court below is reversed, and judgment of ouster is now entered against all the respondents, including William H. Walker, the respondents to pay the costs of this proceeding.