## Commonwealth ex rel. v. Lessig

*D. Hoopes,* for relator; *Stevens & Lee,* for defendant.

SHANAMAN, J., May 7, 1934.—This is an application for quo warranto against a borough councilman, based upon the alleged invalidity of the councilmanic election of 1931. In our opinion handed down December 29, 1933, we dismissed the writ. The petitioner has filed exceptions, which are now before us. It is unnecessary to repeat the facts and reasonings of that opinion, nor to add much to it. The sole question is the validity of that councilmanic election, and we are not impressed by the ingenious argument whereby counsel seeks to bring that election on all fours with the one which was considered in Commonwealth ex rel. v. Dallas, 249 Pa. 560.

It is contended that the word "shall" in section 810 of The General Borough Act of May 4, 1927, P. L. 519, has a peremptory force; that to give it this effect will not conflict with section 813, which states the purpose of section 810 to be that as nearly as possible one half of the councilmen shall be elected to 4-year terms at each municipal election; and it is further contended that the court should adopt such construction as will give to both section 810 and section 813 their proper respective effects. We point out that we have not conconstrued "shall" in section 810 to mean "may". In our opinion dismissing the writ, we say:

"The older legislation on the same subject matter is found in the Act of June 19, 1911, P. L. 1047, sec. 4, the Act of May 20, 1913, P. L. 268, sec. 1, and The General Borough Code of 1915, P. L. 312, ch. VIII, art. I, sec. 6. These prior statutes, during the time in which they were effective, provided without exception that three candidates for 2-year terms should be elected and would come up for reëlection for 4-year terms in years which would fall as follows, to wit: 1915, 1919, 1923, 1927, 1931, and so on. Four were to serve for a term of 4 years, and would come up for reëlection for 4-year terms in 1917, 1921, 1925, 1929, 1933, and so on. Section 810 of The General Borough Code of 1927, which represents the present law upon the subject, does not alter, but expressly reënacts the same rule. It provides for the election of three of the seven councilmen in the year 1927, whose terms shall expire in 1931, for the election of four in 1929, whose terms shall expire in 1933, and so on at each succeeding biennial election."

We regard the provisions as mandatory, in the sense that they impose the duty of obedience on those who come within their purview. The question remains, however, whether the particular departure from the bidding of the law, present in the election under consideration, should after the fact be held to taint the whole proceedings with a fatal blemish.

"The true test is, as stated by Lord Mansfield in Rex v. Locksdale, 1 Burr 447, viz.: 'That whether a statute is mandatory or not depends on whether the thing

directed to be done is of the essence of the thing required,' quoted with approval in Norwegian Street, 81 Pa. 349, 354, also in Apollo Boro. v. Clepper, 44 Pa. Superior Ct. 396, 403. see also Com. v. Zillafrow, 207 Pa. 274, 277, and cases cited": Deibert v. Rhodes, 291 Pa. 550, 554.

If section 813 were absent from the law, petitioner's position would be much more solid. The petitioner urges upon us that by other sections of the code the burgess and tax collector are to be elected at the same municipal election at which the majority of the councilmen are to be elected, and that the legislature intended party control of the council to be determined at the same election with the choice of those important officers. Control of a borough council, if such ever exists, is neither necessarily nor uniformly determined at the election when four councilmen out of seven are chosen. The contention, however, has little force in view of the cogent evidence which the legislature gave as to its intention when it inserted a special section containing but one brief and explicit statement, as follows:

"Sec. 813. Construction of Certain Sections.—The purpose of the three sections immediately preceding is that, as nearly as possible, one-half of the councilmen of every borough shall be elected at each municipal election, to serve for a term of four years from the first Monday of January next succeeding."

To overthrow this election, under the facts recited in our former opinion, would appear in effect to read the above section out of the statute.

And now, to wit, May 7, 1934, petitioner's exceptions are dismissed.