## Gilroy et al. *versus* Commonwealth ex rel. District Attorney.

1. Under the Act of May 3, 1850, § 1, (P. L., 654,) which vests in district attorneys, "the duties now by law to be performed by deputy attorney generals," a writ of quo warranto may issue on the information of the district attorney to determine the right of certain persons to act as school directors.

2. A preliminary rule to show cause is not indispensable to the issuance of a writ of quo warranto at the instance of a private prosecutor. The granting of the rule is in the sound discretion of the court. If it appears at any time during the trial that the writ issued improvidently, the court may refuse to entertain it.

3. The citizens of a school district voted in 1879 for nine persons to serve as a school board, of which six was the legal number. The nine so voted for organized as such board, and for some time transacted its business, but subsequently, on the discovery of their mistake, three withdrew from further participation in its affairs. At an election in 1881 to fill two vacancies which had subsequently occurred in said board, many citizens of the district, in the belief that the entire board then existing was illegal, voted for six persons to constitute an entirely new board. Of these A. and B. received the highest number of votes polled at said election. *Held*,

(1.) That the voting for the three illegal directors in 1879, and their subsequent exercise of power as school directors, did not invalidate the right of the other six directors elected at the same time to constitute the school board, and that there were therefore but two vacancies to be filled in 1881.

(2.) That A. and B., having received the highest number of votes at the election in 1881, were duly elected to fill said vacancies.

(3.) That A., by subsequently refusing to act with the existing board, forfeited his right to a seat therein.

February 28, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lackawanna county :* Of January Term, 1884, No. 274.

Quo warranto, by the Commonwealth of Pennsylvania, ex rel. E. W. Simrell, district attorney of Lackawanna county, against Richard Gilroy, John Morrow, John Corcoran, John Carden, Patrick Loftus and Michael Coyne, to try the right of the said defendants to exercise the office of school directors in the borough of Archibald, Lackawanna county.

The defendants moved to quash the writ of quo warranto, (1) because it was granted on the information of the district attorney; (2) because it was ordered to issue without a preliminary rule to show cause ; (3) the information was not made by a person having a special interest in the office.

The motion to quash was refused by the court. Exception. (Second assignment of error.)

On the trial, before HAND, J., it appeared that in 1879 the people of the said school district, under a mistaken construction of the Act of May 8, 1854, (P. L., 617,) elected nine instead of six persons to serve as school directors in the borough of Archibald. These nine persons organized as such school board, and continued to transact its business for some time without objection. Subsequently, in 1881, the three unlawful members withdrew from the board. In the February election of 1881, it was necessary to elect two directors to fill two vacancies, which would occur in the following June through the expiration of the terms of two of the said directors. A number of citizens of the district, however, under the belief that the whole of the then existing board was irregular, voted for six school directors, who are the defendants in the present action. Two of these, John Morrow and John Carden, received the highest number of votes polled at said election. The existing board refused to admit Carden, but declared that Morrow was duly elected to fill one of said vacancies. Morrow declined to serve with said board, and with Carden and the other four persons voted for at the election of 1881, organized as a separate school board, seized the school property of the district, and claimed to be the duly elected school board of the borough. The old board thereupon appointed one Cosgrove to fill the vacancy occasioned by Morrow's refusal to serve. To test the right of Morrow, Carden, Gilroy and their three associates to act as school directors, this writ of quo warranto was brought aforesaid.

The court charged the jury that the fact that three unlawful school directors were elected in 1879 did not vitiate the right of the remaining six to serve as such board; that as there were therefore but two vacancies to be filled in 1881, the attempted election of six directors was void as to all except

the two receiving the highest number of votes; that as Morrow and Carden had received such highest number of votes at such election, they were duly elected to fill the said vacancies; and that Morrow had forfeited his right by his refusal of the seat offered him in the regular board. The court therefore instructed the jury to find a verdict in favor of Carden, but against the other defendants.

Verdict accordingly for the Commonwealth, and judgment thereon of ouster against all the said defendants except Carden. The defendants thereupon took this writ of error, assigning as error (1) the issuance of a writ of quo warranto without a rule to show cause; (2) the refusal of the court to quash such writ, and the instructions and judgment of the court as above.

*S. B. Price*, for the plaintiffs in error, cited: Commonwealth *v.* Jones, 12 Pa. St., 365; Murphy *v.* Bank, 20 Pa. St., 415; Commonwealth *v.* Commercial Bank, 4 Casey, 395; Commonwealth *v.* Reed, 18 Pitts., L. J., 131; Commonwealth *v.* Horne, 31 Leg. Int., 340; Commonwealth *v.* Stevens, 6 Luz. Leg. Reg., 37; Commonwealth *v.* Cluley, 56 Pa. St., 270.

*Alexander Farnum*, (with whom were *J. F. Connolly*, district attorney, *John R. Jones* and *William H. Jessup*,) for the defendant in error.

Mr. Justice GORDON delivered the opinion of the court, March 31, 1884.

The proceeding in this case has its foundation in a writ of quo warranto, issued, at the instance of the district attorney to try by what right Richard Gilroy, John Morrow, John Corcoran, John Garden, Patrick Loftus and Michael Coyne, exercise the office of school directors in the borough of Archibald. We think the facts of this case were properly disposed of in the court below. It was certainly a mistake for the citizens of this district, in February 1881, to elect a full board of directors. The learned judge, who directed the trial of this case in the court below, properly instructed the jury that, at that time, there were but two such officers to elect, who would, in regular order, take the places of those whose terms expired in the month of June following, and that the election of the other four was a nullity and must be disregarded. Nor less correctly has the case of John Morrow been disposed of. This man was properly and regularly elected, and might have had his seat had he chosen to take it; but having refused to sit with the legal board, he occasioned a vacancy which was properly filled by appointment, and he thus forfeited his right by his own act.

[Gilroy v. Com'th ex rel.]

It is contended, however, that the writ in this case ought to be quashed for the reason that the district attorney has not the power to file suggestions for a quo warranto as had the deputy attorney general under the Act of June 14, 1836, and that treating the writ as having been issued at the suit of a private person, it ought not to have been allowed but upon a previous rule to show cause. 'Neither of these positions can be sustained; the first because the Act of May 3, 1850 has, in express terms, vested the district attorney with all the powers which formerly belonged to the deputy attorney general. In the case of the Commonwealth v. The Commercial Bank, 4 Ca., 391, the only question relating to the subject in hand, was whether the Act of 1850 did not take away the power of the attorney general to institute the proceeding in quo warranto. It was held that it did not; but at the same time it was said, that the Act was designed to clothe the district attorney with an authority independent of that of the attorney general. In other words, he who occupies the position formerly filled by the deputy, now takes the place of a principal whose powers are measured by those which previously belonged to the deputy.

As to the second position assumed as above stated, whilst in the Commonwealth v. Jones, 2 Jo., 365, a case in which the writ was issued at the instance of a private prosecutor, to try the right of an incumbent to the office of mayor, it was held that such process would be granted only after a rule to show cause, yet the subsequent cases of Murphey v. The Farmer's Bank, 8 Har., 415, and the Commonwealth v. Cluley, 6 P. F. S., 270, have so modified this decision as to hold that the rule to show cause is not indispensable. In such case the practice is analogous to that prescribed by the British statute of 9 Anne, under which the writ was allowed by the court, and as the matter thus rests throughout in the sound discretion of the court, if it appears at any time during the trial that the writ issued improvidently, the court may refuse to entertain it. This removes the necessity of a strict insistence upon the rule to show cause, since the defendant does not thereby lose his opportunity of showing that the suggestion should not have been entertained.

The material assignments of error being in this manner disposed of, the others become of no consequence, and are, therefore, passed without special consideration.

The judgment is affirmed.