# Commonwealth, Appellant, *v.* Straus.

*Quo warranto—Title of office—Corporations.*

The second section of the Act of June 14, 1836, P. L. 621 makes the writ of quo warranto the appropriate remedy when any question arises concerning the exercise of an office in any corporation created by authority of law and having its chief place of business within the county. It is the specific statutory method of determining the right of one claiming to exercise an office in such corporation so to do.

The eighth section of the Act of April 29, 1874, P. L. 73, was not intended to repeal or be a substitute for any of the provisions of the Act of June 14, 1836, P. L. 621. It is therefore not necessary in order to obtain a writ of quo warranto to test the title to office in a corporation of a person alleged to have been illegally elected that five stockholders unite in the petition. The object of the act of 1874, was wholly to set aside an invalid election. The act of 1836, was intended merely to provide a method by which title to an office may be inquired into through a writ of quo warranto such as might be issued at the suggestion of a single individual.

Argued Oct. 16, 1906. Appeal, No. 29, Oct. T., 1906, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1905, No. 2,208, making absolute rule to quash writ of quo warranto in case of Commonwealth ex rel. William J. Chamberlain v. Joseph E. Straus, H. R. Robbins and George Bucher. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Petition for quo warranto.

The material averments of the petition are stated in the opinion of the Superior Court.

The court made absolute rule to quash the writ of quo warranto.

*Error assigned* was the order of the court.

*Edmund W. Kirby,* with him *Robert J. Byron,* for appellant. —The courts have held that the only proper method of testing the validity of corporate election is by writ of quo warranto: Jenkins v. Baxter, 160 Pa. 199; O'Shea v. Flannery, 10 Pa.

Dist. Rep. 356; Nolde's Appeal, 2 Monaghan, 169; Fire Association v. Benseman, 4 W. N. C. 1.

The right of the private relator to issue the writ of quo warranto has been affirmed in Commonwealth v. McCarter, 98 Pa. 607; Commonwealth v. Stevens, 168 Pa. 582.

*Paul Reilly*, with him *Jas. Aylward Develin*, for appellee.

OPINION BY HENDERSON, J., February, 25, 1907 :

The second section of the act of June 14, 1836 P. L. 621 makes the writ of quo warranto the appropriate remedy when any question arises concerning the exercise of an office in any corporation created by authority of law and having its chief place of business within the county.    It is the specific statutory method of determining the right of one claiming to exercise an office in such corporation so to do : Jenkins v. Baxter, 160 Pa. 199. The propriety of granting the writ is within the sound discretion of the court and it may be allowed at the instance of a private relator: Gilroy v. Com., 105 Pa. 484; Com. v. Stevens, 168 Pa. 582.    The suggestion filed in the court below by the appellant impeached the title to office of the appellees who claimed to be president, vice president and director, respectively, of the corporation, the allegation of the relator being that they were elected directors at an election illegally held in that the third section of article 1 of the by-laws of the corporation was not complied with, which provided that " The election shall be conducted by two judges, whether stockholders or not, duly qualified according to law, who shall be appointed by the board of directors.    If such judges disagree, a third shall be appointed who when qualified shall act with them," and that afterward as directors they elected J. George Bucher to the offices of president and secretary, and Joseph E. Straus to the offices of vice president and treasurer.    Upon the return of the writ a rule was had to quash the writ as to Joseph E. Straus which rule was made absolute.    The justification of this action is said to exist in the 8th section of the General Corporation Act of April 29, 1874, P. L. 73, which provides, among other things, that "if any election, as aforesaid, be held without the person holding the same having first taken an oath or affirmation, as aforesaid, or be invalid for any other

reason, such election shall be set aside in the manner now provided by law, and a new election ordered by the court of common pleas of the proper county, upon the petition of not less than five stockholders supported by proof satisfactory to said court." This act provides a method by which an invalid election may be wholly set aside and a new election ordered. The proceeding contemplates a new election in such cases and where such election is sought the action must be initiated by at least five stockholders. This is very different, however, from the trial of the title to office of an individual claiming to be an officer of a corporation. A successful action under the act of 1874 sets aside the election and all done thereunder. It affords a summary means not of vacating offices illegally occupied, but of setting aside elections illegally conducted. The object aimed at is not the particular office but the election. The act of 1836 only operates upon the person or persons whose right to office is questioned. It provides a complete method by which the title to an office may be inquired into through a writ of quo warranto. This may be issued at the suggestion of a single individual, as is shown by many cases, and it may be directed against one or more persons alleged to be exercising corporate office or offices illegally. The effect of a judgment thereunder in favor of the relator is to oust the respondent from office, not necessarily to declare the whole election void. Its result is not to bring about a new election, but to place or leave in office him who has shown a right thereto. We are unable to conclude from the terms of the 8th section of the act of 1874 that it was intended to repeal or be a substitute for any of the provisions of the act of 1836. It follows, therefore, that it is not necessary in order to obtain a writ of quo warranto to test the title to office in a corporation of the person alleged to have been illegally elected that five stockholders unite in the petition. It is contended that the remedy of the relator is by mandamus and not by quo warranto. There are cases where the writ of mandamus has been resorted to, to prevent the exclusion of the complainant from office. They are cases where there was no question as to the relator's original title to the place but where one without right undertook to oust him. In such a case the court will prevent an intruder from excluding the rightful occupant. Com. ex-

rel. v. Gibbons et al., 196 Pa. 97 relied upon by the appellee arose under the common school law of 1854. It turned not on the title of the alleged successor of the relator, but on the question whether the latter had been lawfully removed in accordance with the provisions of the 8th section of the act of 1854. The relator was conceded to have been lawfully in office; there was no vacancy to be filled and the mandamus commanded the respondents to recognize his right. The case is not inconsistent with Jenkins v. Baxter, 160 Pa. 199 ; O'Shea v. Flannery, 10 Pa. Dist. Reps. 356, and many other cases in which the function of the writ of quo warranto is explained.

The judgment is reversed, the writ of quo warranto reinstated and a procedendo awarded.