## Commonwealth ex rel. *v.* Crow.

*Quo warranto—Parties—Senatorial apportionment—Act of February 17, 1906, P. L. 31—Constitutional law.*

A person claiming to have been rightfully elected to the office of senator cannot issue and maintain a quo warranto in the name of the commonwealth on his own relation, to test the constitutionality of the Act of February 17, 1906, P. L. 31, relating to senatorial apportionment.

In a suit properly brought the Supreme Court has general jurisdiction to consider and pass upon the constitutionality of the Act of February 17, 1906, P. L. 31.

Argued April 1, 1907. Commonwealth ex rel. Edward M. Biddle, Jr., v. William E. Crow. Miscellaneous docket, No. 2, No. 292. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Writ quashed.

Suggestion for writ of quo warranto.

The suggestion set out that the relator is above the age of twenty-five years, and for the past four years has been a citizen of the state and an inhabitant of the county of Cumberland; that at the general election on November 6, 1906, he was duly elected to the office of senator in the general assembly for the thirty-second district, composed of the counties of Adams and Cumberland; that the return judges of said district issued a certificate of election to him, and forwarded a similar certificate to the secretary of the commonwealth, by whom it was delivered on January 1, 1907, to the senate of Pennsylvania, where it has ever since remained.

That the respondent, an inhabitant of Fayette county, has since January 1, 1907, used and exercised the office of senator

from the thirty-second senatorial district, under color of the Act of February 17, 1906, P. L. 31, making the county of Fayette the thirty-second senatorial district, which act relator alleges is unconstitutional and void.

Relator therefore asked for a writ of quo warranto against the respondent.

The answer admitted the age and residence of relator; denied the validity of relator's election, while not denying said election; asserted the legality of respondent's election; set up his admission to the senate and its refusal to admit relator; alleged that relator has no right to file the suggestion for the writ of quo warranto; denied the jurisdiction of the court to inquire into the questions raised by the suggestion and writ, and asserted that the Act of February 17, 1906, P. L. 31, is constitutional.

*E. M. Biddle, Jr.*, with him *S. S. Rupp* and *F. B. Sellers, Jr.*, for relator.—The Act of February 17, 1906, P. L. 31, is unconstitutional: Com. v. Butler, 99 Pa. 535 ; Sharpless v. Mayor, etc., of Philadelphia, 21 Pa. 147 ; Com. v. Wise, 216 Pa. 152; Endlich on Int. of Stat. 712 ; Com. v. Moir, 199 Pa. 534; Page v. Allen, 58 Pa. 338.

The court has jurisdiction: Com. v. Denworth, 145 Pa. 172; Com. v. Moir, 199 Pa. 534.

The relator has standing to maintain this action: Murphy v. Farmers' Bank, 20 Pa. 415 ; Buck Mountain Coal Co. v. Lehigh Coal & Nav. Co., 50 Pa. 91 ; Com. v. Cluley, 56 Pa. 270 ; Com. v. Dillon, 81* Pa. 41 ; Barnum v. Gilman, 27 Minn. 466 (8 N. W. Repr. 375); Com. v. McCarter, 98 Pa. 607.

*John G. Johnson*, for respondent.—The senate of Pennsylvania being the sole judge of the election and qualification of its own members, having admitted the respondent as a senator, duly elected from the thirty-second senatorial district, and having refused to admit the relator, it is impossible for him by virtue of the recent proceedings to be installed into the office of senator : McNeill's Contested Election, 111 Pa. 235.

A writ of quo warranto to test the constitutionality of an act under which the respondent has been received by the sen-

ate as a member thereof, can only be issued at the instance of
the attorney general : Com. v. Burrell, 7 Pa. 34 ; Murphy v.
Farmers' Bank of Schuylkill County, 20 Pa. 415 ; Clark v.
Com., 29 Pa. 129 ; Buck Mountain Coal Co. v. Lehigh Coal &
Nav. Co., 50 Pa. 91 ; Com. v. Dillon, 81* Pa. 41 ; Coyle v.
Com., 104 Pa. 117.

The only cases in which a writ of quo warranto may be is-
sued at the instance of a private relator, to test the right to
an office, are those in which the relator, by reason thereof,
may be installed into such office : Com. v. Small, 26 Pa. 31 ;
King v. Mayor of Colchester, 2 T. R. 259 ; King v. Mayor of
Oxford, 6 Ad. & El. 349 ; King v. Mayor of Winchester, 7
Ad. & El. 215 ; Queen v. Phippen, 7 Ad. & El. 966 ; Com. v.
Cluley, 56 Pa. 270 ; Com. v. McCarter, 98 Pa. 607.

PER CURIAM, May 13, 1907 :

The substantial question involved is the constitutionality
of the senatorial apportionment by the Act of February 17,
1906, P. L. 31. On the general jurisdiction to consider and
pass upon that question we entertain no doubt. The judicial
power extends to the review of all legislative acts for the
comparison of their provisions with the requirements and pro-
hibitions of the constitution, and there is no exception ex-
pressed or implied in regard to statutes of apportionment.
The constitution requires that the state be divided into fifty
senatorial districts, and if, for illustration, the apportioning
statute created sixty or 100 districts there could be no ques-
tion of the power and duty of the court to declare the stat-
ute void. Other transgressions may be less obvious, but are
none the less open to question and decision.

The case, however, comes before us in the form of a writ of
quo warranto issued in the name of the commonwealth, but
on the relation of a private citizen. It is true that he claims
to have been rightfully elected to the office of senator for the
thirty-second district, an office now occupied by the respondent.
But the majority of the court are of opinion that the relator
has no such interest as to give him standing to maintain a
writ. Even a judgment of ouster against the respondent
would not give the office to the relator, for his own qualifi-
cations and the regularity and validity of his election would

still be subject to the investigation and judgment of the senate, which is the ultimate and supreme tribunal on these matters.

The writ is therefore quashed.