# Commonwealth, ex rel., Gast, *v.* Pfromm, Appellant.

*Quo warranto—Act of June 14, 1836, P. L. 621—Public interest —Private grievance—Relator—Attorney general—District attorney —Improper practice.*

1. When it is suggested that one is usurping a public office, the Quo Warranto Act of June 14, 1836, P. L. 621, makes provision for two distinct proceedings, the first in the interest of the public and the second to protect any private individual who may have a special grievance.

2. If one without authority of law holds a public office and thereby keeps out of it another who is entitled thereto, he not only commits a public, but also a private, wrong, and the individual aggrieved may have a writ in the name of the Commonwealth to secure his right.

3. Where a public wrong alone is to be redressed, and the only question to be determined is whether the person in possession of the office is holding it without authority of law, either the attorney general or the district attorney is the proper relator.

4. It is improper to force upon the record as a party to a quo warranto proceeding the holder of an office at the complaint of one who lays no claim to the particular office occupied.

5. In a quo·warranto proceeding, the relator questioned the right of A to hold the office of borough councilman. After the proceedings had been begun, the court made an order upon B, another councilman, to appear as respondent upon the ground that B had been elected by the council to fill a vacancy by the vote of A, who unlawfully held the office which the relator claimed. *Held,* that the making of B a party to the proceeding was erroneous. ·

*Special verdicts—Form.*

6. It is the province of a special verdict to find and place on record all the essential facts in the case, and what is not found is · presumed not to exist; but, where a general verdict is sufficient, it is immaterial that the special verdict is irregular.

*Practice, Supreme Court—Assignments of error.*

7. Where there are two separate appeals from a judgment and only one set of assignments of error is filed and these comprehend several complaints not common to both appellants, the assignments are improper; but here error overlooked, as case was submitted on paper books and counsel had no opportunity to file amended assignments at bar.

Submitted October 16, 1916. Appeal, No. 124, Oct. T., 1916, by respondent, from judgment of C. P. Allegheny Co., April T., 1916, No. 163, in case of Commonwealth of Pennsylvania ex rel. William Gast v. Edward Pfromm. Before BROWN, C. J., POTTER, MOSCHZISKER, STEWART and WALLING, JJ. Reversed.

Quo warranto to determine the title of Councilmen in the Borough of McKees Rocks. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts of the case.

The court entered judgment of ouster against both respondents. Respondents appealed.

*Errors assigned* were (1) the judgment of the court, (2) the form of the special verdict, (3) the refusal of the court to enter judgment non obstante veredicto and (4) the refusal of the court to discharge the rule to show cause why the order making Edward Pfromm a party to the proceeding, should not be vacated and set aside.

*Edward F. Duffy* and *R. S. Martin,* for appellant.

*Patterson, Crawford, Miller & Arensberg* and *Eckles & Conrad,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 8, 1917:

This is an appeal by Edward Pfromm, who complains of the same judgment reviewed by us in an opinion filed simultaneously herewith on the complaint of Harry B.

Kelly; but different questions are here raised from those determined in the other appeal.

In November, 1915, Mr. Gast, the relator, was duly elected by the people of McKees Rocks to an unexpired term of a former member of its council; the place thus filled was the same vacancy to which Mr. Kelly, the original respondent, was subsequently elected by the council itself, purporting to act under and by virtue of the authority conferred upon it by Ch. 8, Art. II, Sec. 2, of the Act of May 14, 1915, P. L. 312 (p. 412), which ordains that "the borough council may fill any vacancy in their body until the municipal election next following." On December 7, 1915, Mr. Kelly, in conjunction with certain other councilmen, elected Edward Pfromm, the appellant, to a place formerly occupied by one W. B. Zinkhan, whose resignation as a member of the council had just been accepted. It appears that the vote of Mr. Kelly was essential to Mr. Pfromm's election.

When the facts just recited were developed in the course of the present quo warranto proceedings, which were instituted by Mr. Gast against Mr. Kelly, the court below, on February 16, 1916, made an order upon Mr. Pfromm to appear as a respondent therein; whereupon, the latter immediately took a rule to vacate this order and, when refused, he secured an exception and filed an answer. In this answer, Mr. Pfromm averred that he had been "duly elected a member of said council at a regular meeting thereof held at the council chamber in said borough upon the seventh day of December, 1915," and he directed attention to the fact that Wm. Gast, the relator, neither in his petition nor replication "claims or shows any title or right to the seat in said council held by your petitioner, or any interest to be affected thereby, but, on the contrary, he therein makes claim to the seat......held by the respondent, Harry B. Kelly"; finally, he contended that, "since no other person is claiming [the office occupied by him, Pfromm], or has any right to it, a proceeding on a writ of quo warranto

.instituted by the district attorney in the name of the Commonwealth is the only action which [properly] could be brought to try the title to the said office." When the case came to trial, this contention was overruled, and the judgment entered in favor of the relator was made sufficiently comprehensive to oust Mr. Pfromm from office; hence the present appeal.

As already indicated, the relator, Wm. Gast, did not in any sense lay claim to the office occupied by the appellant, Edward Pfromm; and the only way in which the latter was brought into the case at all, was under Sec. 8 of the Quo Warranto Act of June 14, 1836, P. L. 621, which provides: "If it shall appear to the court ......that the several rights of different persons may be properly determined by one writ, it shall be lawful...... to make such order or orders, for the introduction or addition of such persons into the writ, or for notice to such persons to appear and take defense, as shall be reasonable and just."

In making the present appellant a party respondent to the quo warranto issued at the suggestion of Mr. Gast against Mr. Kelly, the learned court below, apparently, acted upon the theory that, since the vote cast by Mr. Kelly was necessary to the election of Mr. Pfromm, and Mr. Gast claimed the place filled by the former, it was proper to determine, in these proceedings, the right of the latter (Pfromm) to occupy the office to which he had thus been elected. On this theory, however, in a single quo warranto proceeding, instituted at the suggestion of any private individual possessed of a personal interest sufficient to entitle him to the writ, all such official acts of either Mr. Kelly or Mr. Pfromm, or in fact, of any other person placed in councils through their votes, might be inquired into and, in effect, set aside, and so on without limit; but such is not the law, and, if it were, it would inevitably lead to great confusion in the public service.

Under the Act of 1836, supra, in a proper case, the

titles to several distinct offices may be determined at one and the same time. Com., ex rel., Morris, et al., v. Stevens, et al., 168 Pa. 582, 601, is an instance where, at the suggestion of a stockholder, the offices occupied by an entire board of management of a water company were in controversy, and, since the title "to all of them depended on the same votes at the same election and a decision on the validity of that election would be equally conclusive as to the rights of all," we determined the whole matter in a single quo warranto proceeding, adjudging the titles to all the places involved; and, perhaps, this would be proper practice wherever the relator occupies a position, or has an interest, which entitles him to question the right of office of each and every of the parties named or brought in as respondents, particularly if the same facts are so far applicable and common to all that a decision on the validity of the election of any one of them would, ex necessitate, rule the cases of the others. In the present instance, however, we have a different combination of circumstances; here the rights of three persons to two separate offices, filled at different elections, held at different times, by different electors, are involved, two of the litigants laying claim to one and the same office, but neither of the latter having any individual interest in, or grievance to be redressed in connection with, the remaining place occupied by the third party. To restate the case more definitely: Mr. Gast claimed the place occupied by Mr. Kelly, but he laid no claim to Mr. Pfromm's office and had no individual interest in the adjudication sought to be had as to the latter's right to continue therein; that was purely a matter of public concern.

In all cases where it is to be applied, the 8th Section of the Act of 1836, supra, presupposes the existence upon the record of a relator with a proper interest, either public or private, entitling him to question the right of each and every respondent named or brought into the proceedings; and no instance has been called to our at-

tention where the provision in question has been said to apply under circumstances in any manner approaching those at bar. It is true, in Com. v. Jones, 12 Pa. 365, we indicated that, under certain restrictions, a quo warranto directed to one holding the office of mayor might be prosecuted by a private relator without an individual grievance to be redressed; but there the writ was quashed. Then in Com., ex rel., Yard, v. Meeser, 44 Pa. 341-2, this court allowed a quo warranto on the petition of a private citizen, to test the right of a member of councils of the City of Philadelphia, but we did this, because, inter alia, of a special provision in the charter of the municipality, and "with some hesitation." Later, however, in Com., ex rel., McLaughlin, v. Cluley, 56 Pa. 270, 272, we expressly ruled that the provision at the end of Section 2 of the Act of 1836, supra, relied upon by the appellee in the present case, to the effect that a writ of quo warranto "may be issued upon the suggestion of . . . . . . any person or persons desiring to prosecute the same," meant any person having an individual interest to be affected, and that the act did "not give a private relator the writ in a case of public right, involving no individual grievance"; further, that this rule applied in cases involving the alleged usurpation of "county," "township" or "municipal" offices. In the case last cited, the effort was by a defeated candidate to oust an opponent who had been elected to the office of sheriff, and we denied the writ specifically upon the ground that the relator had "no such interest as entitles him to be heard," because "the question which he seeks to raise is a public one exclusively, and it can be raised only at the instance of the attorney general." Again, in Com., ex rel., Butterfield, v. McCarter, 98 Pa. 607, where the right of a mayor to hold his office was attacked on quo warranto at the suggestion of a private citizen, the writ was refused upon a like ground, and we affirmed. Our last case upon the subject is Com., ex rel., Riley, v. Durkin, 245 Pa. 507, where, in a quo warranto proceeding at the

suggestion of a burgess, we sustained, per curiam, a judgment for the Commonwealth ousting several councilmen from office, holding that, because of a defect in the ballot, common to all, their election was void; but there no question whatever was raised as to the right of the relator.

We may summarize the controlling rules of law and our conclusions in the case at bar thus: When it is suggested that one is usurping a public office, the Quo Warranto Act of 1836, supra, makes provision for two distinct proceedings, the first in the interest of the public, and the second to protect any private individual who may have a special grievance. If one, without authority of law, holds a public office, and thereby keeps out of it another who is entitled thereto, he not only commits a public, but also a private, wrong, and the individual aggrieved may have a writ in the name of the Commonwealth to secure his rights; but where a public wrong alone is to be redressed, that is to say, where the only question to determine is whether the person in possession of the office is holding it without authority of law, either the attorney general or the district attorney is the proper relator. Here there was no private grievance to be redressed against the appellant; hence, the public prosecutor alone was the proper relator (Gilroy, et al., v. Com., ex rel., Dist. Att'y, 105 Pa. 484), and error was committed in attempting, under the Act of 1836, supra, to force Mr. Pfromm upon the record at the complaint of one who laid no claim to the office occupied by him.

Another matter called to our attention by the appellant must be considered, i. e., the form of the so-called special verdict rendered in this case. In Standard Sewing Machine Co. v. Royal Ins. Co. of Liverpool, 201 Pa. 645, we said, "It is the province of a special verdict to find and place on record all the essential facts in the case ......and what is not found is presumed not to exist." In the present instance, instead of placing upon the record only the essential facts, the findings of the jury

contain many conclusions of law; but, really, this verdict merely amounts to a summing-up by the trial judge of the facts established, by admissions and practically uncontested evidence, with a direction that the jury find accordingly. In other words, no harm was done and no established rule of practice materially breached by the form in which the verdict was couched, for the trial judge would have been justified in simply directing a general one on the evidence. Material error was committed, however, in instructing the jury to find against the respondent Pfromm. He ought not to have been brought into the case in the first instance, and, subsequently, he was entitled to binding instructions in his favor; failing in this, his motion for judgment n. o. v. should have been granted.

We shall not discuss any of the questions argued in the paper books concerning the alleged irregularity of the election of Mr. Pfromm, for, according to the views here expressed, they are not properly before us.

While there are two separate appeals from the judgment entered by the court below, yet only one set of assignments of error appears to have been filed, and these comprehend several complaints not common to both appellants; this is contrary to our rules, but we overlook the defect, for, since the case was submitted on paper books, counsel did not have the usual opportunity to file amended assignments at bar.

All assignments of error which complain of rulings in conflict with the views here expressed are sustained, and the judgment of the court below, so far as it affects the rights of Edward Pfromm, is reversed.