## Commonwealth ex rel., Appellant, v. Luker.

*Corporations—Officers—Directors—Elections — Validity — Quo warranto—Discretion of court.*

1. Where a stockholder in a corporation applies for a writ of quo warranto for the protection of his property rights, the discretion to be exercised by the lower court is purely legal, and where rights at law are prima facie shown by the suggestion, the plaintiff is entitled to an opportunity to establish them upon a writ of quo warranto and the alleged motives of relator are not a valid reason for refusing him relief.

2. Where a stockholder in a private corporation filed a suggestion for a writ of quo warranto to require the respondents to show by what authority they held the offices of president, vice-president, treasurer and director in such corporation, but where it appeared that the validity of two elections were involved, one for directors by stockholders, and one for general officers by directors. it was not an abuse of judicial discretion to quash the writ of quo warranto which had been issued.

3. In such case where the suggestion set up two causes of action, one involving the stockholders' election and the other involving the election of directors, the proper practice would be to file separate suggestions, questioning the validity of the separate elections, and to decide first the cause involving the election of directors, since the judgment in that case might make unnecessary the trial of the cause involving the election of general officers.

*Practice, Supreme Court—Quo warranto—Discretion of lower court—Motion to quash—Appeals—Certiorari.*

4. On appeal from an order of the lower court refusing a writ of quo warranto, the review by the Supreme Court is as on certiorari, and the Supreme Court will not reverse the action of the court below unless it appears that the lower court has abused its discretion.

Argued April 30, 1917; Reargued May 7, 1917. Appeal, No. 80, Oct. T., 1917, by Donald C. Duffy, from order of C. P. Armstrong Co., March T., 1917, No. 50, quashing writ of quo warranto, in case of Commonwealth of Pennsylvania ex rel. Charles C. Huston, Donald C. Duffy, Appellant, v. H. G. Luker, J. W. Glenn, and Charles B. Ellermeyer. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition for quo warranto.
Motion to quash alternative writ. Before KING, P. J.
The opinion of the Supreme Court states the facts.
The court granted the motion and quashed the writ. Relator appealed.

*Error assigned* was in quashing the writ of quo warranto.

*Harry C. Golden,* and *Bernard J. Myers,* with them *John E. Malone,* for appellant.

*R. L. Ralston,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, June 30, 1917:
On December 20, 1916, at the suggestion of two stockholders of the Kittanning Brewing Company, the court below directed a writ of quo warranto requiring the three respondents named therein, viz., H. G. Luker, president, Charles B. Ellermeyer, vice-president, and J. W. Glenn, treasurer, to show by what warrant they

held and exercised their respective offices; also demanding that Charles B. Ellermeyer show by what authority he acted as a director of said corporation. On January 6, 1917, the several defendants filed a motion to quash, which prevailed; hence this appeal.

Plaintiff's suggestion avers, inter alia, that, owing to certain facts therein set forth, the elections by which defendants claim to hold their respective positions were illegal and void. The motion to quash rests upon various grounds, one of which is to the effect that the suggestion is bad because it asks that the titles to four distinct offices be adjudged under one writ, when the pleading itself discloses that the election to one of these offices was held at a different time and by a set of electors entirely distinct from those who participated in the balloting for the other three officers, the stockholders of the corporation being the electors in the first instance and the directors in the second. While the opinion filed by the court below discusses several reasons for quashing the writ, yet it omits the one to which we direct attention; although the latter impressed us so strongly that a reargument was ordered "on the question of the right of relators to the present writ, there being two elections involved, one for directors by stockholders and the other by directors for general officers."

Since the ground just referred to is sufficient to sustain the order appealed from, it is not necessary to determine any of the questions presented on the first argument of this case; it may be well, however, to make brief reference to some of them, after first disposing of what we have already indicated as the controlling point for determination.

In Com. ex rel. Gast v. Pfromm, 255 Pa. 485, 488-9, we recently had occasion to discuss the Quo Warranto Act of June 14, 1836, P. L. 621, and there said: "The titles to several distinct offices may be determined at one and the same time. Com. ex rel. Morris et al. v. Stevens et al., 168 Pa. 582, 601, is an instance where, at

the suggestion of a stockholder, the offices occupied by an entire board of management of a water company were in controversy, and, since the title 'to all of them depended on the same votes at the same election and a decision on the validity of that election would be equally conclusive as to the rights of all,' we determined the whole matter in a single quo warranto proceeding, adjudging the titles to all the places involved; and, perhaps, this would be proper practice wherever the relator occupies a position, or has an interest, which entitles him to question the right of office of each and every of the parties named or brought in as respondents, particularly if the same facts are so far applicable and common to all that a decision on the validity of the election of any one of them would, ex necessitate, rule the cases of the others. In the present instance, however, we have a different combination of circumstances; here the rights of three persons to two separate offices, filled at different elections, held at different times, by different electors, are involved......" We then held that the several rights to the different offices could not be determined in the one proceeding.

While enlightening, the case just cited does not rule the present one, for the controlling point upon which the former turned was that the relator had no special interest which gave him a right to raise the question of the title to the second office in controversy; but another excerpt from the opinion in the Pfromm case is of interest in connection with the question now before us. There, as here, the theory of the plaintiff was that, since one of the persons who participated in the balloting for the second office had not himself been duly elected to the board which constituted the electors of that office, both the validity of his election and that of the person chosen through his ballot, should be determined at the same time. In passing upon this point, we said: "The learned court below, apparently, acted upon the theory that, since the vote cast by Mr. Kelly

was necessary to the election of Mr. Pfromm......it was proper to determine......the right of the latter to occupy the office to which he had thus been elected. On this theory, however, in a single quo warranto proceeding, instituted at the suggestion of any private individual possessed of a personal interest sufficient to entitle him to the writ, all such official acts of either Mr. Kelly or Mr. Pfromm or, in fact, of any other person placed in councils through their votes, might be inquired into and, in effect, set aside [on one writ of quo warranto], and so on without limit; but such is not the law, and, if it were, it would inevitably lead to great confusion......"

In the present case, if the election by the stockholders of Mr. Ellermeyer as a director, and the choice of the general officers by the directors through Mr. Ellermeyer's presence or vote, can properly be inquired into and determined in one quo warranto proceeding, then there is no logical reason why, on a single writ, all elections of every sort, kind and description, which the present board of directors might make, during any period of time, could not be brought into question in a single proceeding, on the ground that one director, whose presence was necessary to a quorum, had not been properly chosen. As pointed out in Com. ex rel. Gast v. Pfromm, supra, if such a practice were permitted, it would inevitably lead to unwarrantable confusion in the trial of cases of this class.

It is true that Section 8 of the Act of 1836, supra, gives the right to include several defendants in a single quo warranto proceeding, when the titles to all the offices involved "may be properly determined by one writ"; but, in each case, this is a matter for the trial court to pass upon. Here, the court below quashed the writ; thereby, in effect, refusing to permit such an inclusion. Hence, the burden is upon the appellant to show an abuse of discretion; and, since there is nothing in the record which plainly indicates that, in this par-

ticular instance, the rights of all parties to the various offices involved could best be determined at one and the same time, we cannot convict the court below of such an abuse.

That which we have already written is sufficient to dispose of this case; but, since we intend to dismiss the appeal without prejudice to the rights of the plaintiff, if he so sees fit, to ask for separate writs, one against Mr. Ellermeyer as director, and the other against the three general officers of the brewing company, we shall briefly touch upon some of the points discussed in the opinion of the court below.

In Com. ex rel. Pughe v. Davis, 109 Pa. 128, we ruled that a writ of error did not lie to the refusal of a quo warranto; hence the present review is on certiorari, and the only matter properly before us is the order appealed from. The authority just cited involved a public office, and both there, and in numerous other such cases, we have said that a court's exercise of discretion in refusing a quo warranto would not be reviewed. In that particular class of cases (involving public office) we have gone even further and held that the motive of the relator might be considered by a court in exercising its discretion as to the issuance of the writ; but we have been pointed to no authority, and have knowledge of none, where in a case like the one at bar, involving the property rights of a stockholder in a private corporation, it has been held that a court of law, in the exercise of its discretion as to issuing a quo warranto for the protection of such property rights, might consider the relator's alleged motives, as was done by the learned court below in the present instance. Under such circumstances, if the writ is applied for in due form, the discretion to be exercised is purely legal, and, where rights at law are prima facie shown by the suggestion, the plaintiff is entitled to an opportunity to establish them upon a writ of quo warranto: Com. ex rel. Gordon et al. v. Graham et al., 64 Pa. 339; Com. ex rel.

Morris et al. v. Stevens et al., 168 Pa. 582; Com. ex rel. v. Stevenson, 200 Pa. 509, 510; Com. v. Strauss, 32 Pa. Superior Ct. 389, 390. Here, both the suggestion and the motion to quash suggest many nice questions of fact and law, which can best be determined when, and if, fully developed at trial; we are not called upon to consider any of them at the present time, but we deem it proper to say that, should this controversy be further pursued, the correct practice would be to try first the cause involving the election of directors, since the judgment therein will, in all probability, control and, perhaps, make unnecessary a trial on the writ involving the election of the general officers.

The appeal is dismissed without prejudice, as more fully indicated in the body of this opinion.