## Commonwealth ex rel. Fye v. Meeker.

*A. C. Dale,* for plaintiff; *N. B. Spangler* and *Ivan Walker,* for defendant.

FLEMING, P. J., July 22, 1930.—The suggestion of the relator avers that Martin Meeker was elected to the offices of Tax Collector, Assessor and Regis-

tration Assessor for the Township of Burnside on November 5, 1929, at an election whereat the said Martin Meeker served as a clerk to the election board. It is contended by the relator that such is contrary to the express privisions of the Act of June 26, 1895, P. L. 392, which provides, *inter alia*, "that no inspector, judge or other officer of any such election shall be eligible to any office to be then voted for except that of an election officer."

Counsel for Martin Meeker cites Com. ex rel. Biles *v.* West, 19 Dist. R. 269, wherein a distinction is drawn between general elections and township elections, holding that the Act of June 26, 1895, *supra*, applies only to general elections. It is to be noted that when this case was decided (1909) a distinction did exist between general and township elections, but that such distinction no longer exists. The February or township election has been abolished and all offices are filled at the general election prescribed by article eight, section two, of the Constitution of the Commonwealth of Pennsylvania. It is to be further noted that the Act of June 13, 1840, P. L. 683, section 2, cited by the court in Com. ex rel. Biles *v.* West, *supra*, in support of its distinction between general and township elections, was held in Com. *v.* McCormick, 18 Dist. R. 641, to be in conflict with article eight, section fifteen, clause two, of the Constitution, providing that an election officer shall not be eligible to any office to be filled at an election at which he shall serve, and that, therefore, an election officer was not eligible as a candidate for supervisor. We are, therefore, of the opinion that were this action properly brought, we should be compelled to hold that Martin Meeker's election to the several offices was invalid.

However, the action is not properly before us and we are without jurisdiction to remove Meeker in this proceeding. It is not contended that the relator, H. H. Fye, has any personal interest in the offices claimed by Meeker. He is a taxpayer of Burnside Township, but was not a candidate for the several offices with which we are concerned. In Com. ex rel. Gast *v.* Pfromm, 255 Pa. 485, 491, the present Chief Justice says:

"We may summarize the controlling rules of law and our conclusions in the case at bar thus: When it is suggested that one is usurping a public office. the Quo Warranto Act of 1836, *supra*, makes provision for two distinct proceedings, the first in the interest of the public, and the second to protect any private individual who may have a special grievance. If one, without authority of law, holds a public office, and thereby keeps out of it another who is entitled thereto, he not only commits a public, but also a private, wrong, and the individual aggrieved may have a writ in the name of the Commonwealth to secure his rights; but where a public wrong alone is to be redressed, that is to say, where the only question to determine is whether the person in possession of the office is holding it without authority of law, either the attorney general or the district attorney is the proper relator. Here there was no private grievance to be redressed against the appellant; hence, the public prosecutor alone was the proper relator (Gilroy et al. *v.* Com. ex rel. Dis. Att'y, 105 Pa. 484), and error was committed in attempting, under the Act of 1836, supra, to force Mr. Pfromm upon the record at the complaint of one who laid no claim to the office occupied by him."

Clearly, Meeker cannot be forced upon the record at the suggestion of Fye, who makes no claim to the offices in question. Fye has clearly shown the existence of a public wrong, which the district attorney should note, and by a proceeding properly brought duly remedy. We are without jurisdiction, however, to remove Meeker upon the suggestion of Fye, a person not claiming such offices in the instant case.

And now, July 22, 1930, the demurrer filed by Martin Meeker is sustained and writ dismissed, with leave to the district attorney to proceed *de novo* in a manner consistent with this opinion. Costs to be paid in this proceeding by H. H. Fye, relator.                    From S. D. Gettig, Bellefonte, Pa.