## Dorris, Appellant, *v.* Lloyd (No. 2).

482

Argued September 30, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*James Lenahan Brown,* with him *Joseph V. Kasper,* for appellant.

*R. Lawrence Coughlin,* County Solicitor, with him *Donald S. Mills,* Assistant County Solicitor, for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 24, 1953:

In this case Dr. John L. Dorris, in his capacity as County Chairman of the Democratic Party of Luzerne County and by and on behalf of that Party, brought a proceeding in quo warranto to oust the defendants, two of the County Commissioners, from their office. Defendants moved to strike off the complaint. The court granted that motion and plaintiff appeals.

The complaint sets forth a number of alleged violations by defendants of the election laws of the Commonwealth between the year 1941 and the present time, during which period defendants have served three terms as County Commissioners.

Defendants' contention is that a proceeding such as this can be instituted only by the District Attorney of the county, the plaintiff having no interest in the matter distinct from that of the general public.

The Act of June 14, 1836, P.L. 621, section 2, provides that the writ of quo warranto may be issued "upon the suggestion of the Attorney General, or his deputy, in the respective county, or of any person or persons desiring to prosecute the same." But the words "any person or persons desiring to prosecute the same" have uniformly been held to mean any person having an interest of his own to be affected, or a wrong to be redressed, separate and distinct from that of the Commonwealth or the community in general, and not to give to a private person the use of the writ in the case of a public right involving no individual grievance. In the absence of such a special interest, differing not merely in degree but in nature and kind from that of the public at large, a private individual cannot demand a judgment of ouster on a writ of quo warranto: *Commonwealth ex rel. McLaughlin v. Cluley*, 56 Pa. 270; *Commonwealth ex rel. Butterfield v. McCarter*, 98 Pa. 607; *Commonwealth ex rel. Gast v. Pfromm*, 255 Pa. 485, 100 A. 276; *Commonwealth ex rel. Schermer v. Franek*, 311 Pa. 341, 166 A. 878. And this is particularly true where, as here, such a judgment would not place the plaintiff himself in office: *Commonwealth ex rel. v. Crow*, 218 Pa. 234, 67 A. 355; *Commonwealth ex rel. Schermer v. Franek*, 311 Pa. 341, 345, 166 A. 878, 879.

If these defendants are not properly performing the duties of their office the situation is one of public concern, and there is nothing to indicate that plaintiff has any injury to redress peculiar to himself. Therefore only the Commonwealth, acting through the District Attorney of the county, could here apply for a writ of quo warranto.

The order of the court below is affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I dissent in this case for the same reasons specified in my opinion filed in the companion case of *Dorris v. Lloyd (No. 1)*, 375 Pa. 474, 100 A. 2d 924.