## Chromulak v. Garcia

*Arnold W. Hirsch* and *Paul A. Simmons*, for plaintiffs.

*Austin J. Murphy, Jr.* and *Jack H. France*, for defendant.

McCUNE, J., February 23, 1968.—Plaintiffs, who are school directors of the Ringgold School District, brought an action of quo warranto to oust Florentino M. Garcia from office as a school director in the same district. Ringgold School District is divided into three

regions, each of which is entitled to three directors. It is the contention of plaintiffs that Garcia comes from the wrong district, that the school board elected him to a vacancy in region 1 although he lives in region 2, and thus the residents of region 1 are deprived of proper representation.

We need not discuss the merits of this contention at this stage of the proceeding.

Preliminary objections were filed to the complaint alleging that private citizens have no standing to bring quo warranto, that, in fact, only the district attorney can bring such action or at least the district attorney must authorize the action and it must be brought in his name. The preliminary objections were filed by Murphy and France, attorneys at law and members of this bar.

Plaintiffs promptly filed a petition with the court, alleging that Murphy and France should be prohibited from acting as attorneys for Garcia because Jack M. France is an assistant district attorney, and if it is true that the action must be brought by the district attorney, then the district attorney's office will be in a very peculiar position. The district attorney will be prosecuting the action and one of his assistants (over whom he has, or should have, complete control) will be working against it. The assistant district attorney will then be forced to carry water on both shoulders. He will owe loyalty to the district attorney and he will owe loyalty to his client, Garcia, and he cannot serve both masters with fidelity. But Mr. France's law partner takes the position that he is not employed by the district attorney and he can represent Garcia, although his partner might not be able to. The trouble with this position is that partners in the practice of law owe to one another complete devotion and the duty of full disclosure. Their interests are the same, and it would be unacceptable in the law to have one partner

on the district attorney's side in the dispute and the other partner on Garcia's side. If the partners worked diligently, as they should, for their respective positions, either the partners would fall into disagreement and split apart or the respective positions would suffer from anemic representation. In addition, the public's confidence in the profession would be destroyed.

The canons of professional ethics prohibit conflicting interests, and we think a real conflict will result here, if, as Murphy and France contend, the district attorney must bring this action.

Thus, they have argued inconsistently for, if the district attorney must bring quo warranto, neither Murphy nor France belongs in the case on the side of Garcia.

Although we have not been asked to decide at this stage whether the district attorney must bring the action (this question will come to the court en banc on March 20, 1968), it appears to us that defendant may well be correct that the district attorney must bring it, or at least lend his name to the proceeding. See Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341 (1933) ; Sewickley Township School District's Appeal, 327 Pa. 396 (1937) ; Commonwealth ex rel. Showalter v. Sandel, 86 D. & C. 519 (1953) ; Dorris v. Lloyd, 375 Pa. 481 (1953) ; Goodrich-Amram, Rules 1111-1113, vol. 1., p. 346.

The prayer of plaintiffs' petition is that Murphy and France show cause why they should not be prohibited from acting as attorneys for Garcia. They have really shown no cause or excuse for their inconsistent position. In fact, in paragraph 8 of their answer to the petition, they reassert their position that only the district attorney can bring this action.

We cannot order them to cease representing Garcia at this time. It may be that Mr. France considers this case of sufficient importance to withdraw from the dis-

trict attorney's office. If this were done, his position would be consistent. It may be that he wishes to remain in the district attorney's office and to withdraw his argument that only the district attorney can proceed with the action. Perhaps he would then be in a consistent position, perhaps not. We need not decide that now.

We do, however, hold that we will not permit the firm of Murphy and France to proceed in this action to represent Garcia if, in fact, a conflict of interests continues. We should not permit a conflict of interests when we know of the conflict.

This decision means that when the time for argument of the case arrives, Garcia shall have substitute counsel or Murphy and France shall be in a consistent position. They will not be heard to argue that only the district attorney can bring this proceeding while Mr. France remains in the district attorney's office.

ORDER

And now, February 23, 1968, counsel for defendant shall proceed in compliance with this opinion.