## Commonwealth v. McNichol

*John M. Gallagher,* for relator.
*Vincent J. LaBrasca,* for defendant.
*Joseph P. Mylotte,* for intervening defendant.

BLOOM, *J.,* April 23, 1974—The matter presently before this court arises from a complaint in quo warranto filed by Peter G. Earle, Commissioner of the Ninth Ward of Upper Darby Township, against defendant, John F. McNichol. The complaint alleges that Earle, as a Commissioner of Upper Darby, opposed the appointment by the township board of commissioners of defendant as a member of the township civil service commission. The complaint further alleges that defendant was appointed to the civil service commission on July 17, 1973, and that on said date and thereafter, defendant was and is the Director of Data Processing of Delaware County. Mr. Earle contends in the complaint that defendant's appointment to the civil service commission is contrary to law, since defendant was also Director of Data Processing for Delaware County. In support of his position, Earle's complaint pleads the Act of June 24, 1931, P.L. 1206, as amended, 53 P.S. §55627, which provides:

"No [civil service] commissioner shall at the same time hold an elective or appointed office under the United States government, the Commonwealth of Pennsylvania, or any political subdivision of the Commonwealth."

Defendant, McNichol, filed preliminary objections to the complaint, alleging that Earle lacked capacity to bring suit in quo warranto. McNichol also demurred to the complaint claiming that the complaint did not set forth a cause of action. An answer was filed to the above preliminary objections denying the allegations set forth.

Thereafter, the Board of Commissioners of Upper Darby Township was permitted to intervene as a defendant by stipulation. The board then filed preliminary objections challenging Earle's capacity to bring suit in quo warranto.

On February 4, 1974, this court issued an order whereby the depositions of Peter G. Earle and John F. McNichol were to be taken in order that facts could be developed on the issues of whether McNichol was an "office holder" within the meaning of the above statute and whether Earle had the capacity to bring the suit in question. Said depositions were taken on February 25, 1974, and each will be set forth in detail so that this court can dispose of the preliminary objections filed by the respective defendants.

The facts from the deposition of Peter G. Earle are as follows: Plaintiff resides in the Ninth Ward of Upper Darby Township where defendant, McNichol, resides. Earle is Upper Darby Commissioner for the Ninth Ward and he will hold that office until January 1976. As a township commissioner, plaintiff voted against the appointment of defendant, McNichol, to the Upper Darby Civil Service Commission, along with two other Democratic members of the board of commissioners. Plaintiff's objection to defendant's appointment is made not only on the basis of McNichol holding incompatible offices but also because Earle feels

that defendant makes appointments to the Upper Darby Police Department on the basis of political affiliation, although plaintiff did not know the qualifications of applicants for the police department nor the number of applicants who were members of the Democratic Party. Plaintiff also objects to the type of examination questions used in the examination of police applicants, but, plaintiff did not lodge any complaints directly with the Civil Service Commission of Upper Darby. Plaintiff's interest in the subject matter of this suit is based upon his position as a township commissioner but he would not be interested in being appointed to the civil service commission if McNichol's appointment to said commission is voided by this court.

The facts from the deposition of John F. McNichol are as follows: Defendant is employed as Director of Data Processing for the County of Delaware and he has held this position since 1969. Prior to that, defendant was employed by Delaware County as data processing engineer, a position which he held since February 22, 1965. There is no substantial difference in duties between director and engineer of data processing. Defendant was not required to take an oath of office when he became director of data processing nor was he required to post a bond. Defendant was appointed by the county commissioners on February 22, 1965, and there was no competitive examination for the position and defendant was interviewed for the position by the county commissioners.

Defendant's position was created by the Salary Board of Delaware County. Defendant's duties involve the coordination of work performed by the employes of the county data processing department which numbers eight persons, plus two or three

part-time employes. The data processing department operates on a budget approved by the county commissioners and the department does work for townships (e.g., preparation of tax bills) and the Federal government but only under the direction of the county commissioners. Private individuals could use the data processing facilities of the county but said individuals must first secure the approval of the county commissioners.

Defendant's salary is $23,000 per year and he has no specific term regarding his position, since his employment can be terminated at will by the county commissioners.

Upon the above facts, this court proceeds to review the merits of defendant's objections to the complaint before us, the first of which is that plaintiff lacks the capacity or standing to maintain this action in quo warranto.

"To invoke the issuance of a writ of quo warranto the relator, therefore, must show in himself an interest in the controversy greater than that which he has merely as an inhabitant of the municipality. He must possess some peculiar, personal interest aside from his general interest as a member of the public.": Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341 (1933). See also, Commonwealth ex rel. Spector v. Martin, 426 Pa. 102 (1967); Dorris v. Lloyd, 375 Pa. 481 (1953).

In Dorris, supra, our Supreme Court stated:

"The writ of quo warranto may be issued 'upon the suggestion of the Attorney General, or his deputy, in the respective county, or of any person or persons desiring to prosecute the same.' But the words 'any person or persons desiring to prosecute the same' have uniformly been held to mean any

person having an interest of his own to be affected, or a wrong to be redressed, separate and distinct from that of the Commonwealth or the community in general, and not to give to a private person the use of the writ in the case of a public right involving no individual grievance. In the absence of such a special interest, differing not merely in degree but in nature and kind from that of the public at large, a private individual cannot demand a judgment of ouster on a writ of quo warranto . . . *And this is particularly true where, as here, such a judgment would not place the plaintiff himself in office.*": At page 483. (Emphasis supplied.)

It has not been demonstrated to this court the "peculiar, personal interest" that Earle has in the instant suit. Earle has stated that he does not seek appointment to the township civil service commission and he executed his duty as a township commissioner in voting on McNichol's appointment to the civil service commission, albeit he voted against said appointment. Therefore, this court concludes that Earle has no special interest in the present controversy which falls within the guidelines of Schermer and Dorris, supra, and so he lacks the requisite capacity and standing to maintain this suit.

We next review defendant's second contention, to wit, that the position of Director of Data Processing for Delaware County is not an elective or appointed office within the meaning of the Act of June 24, 1931, P.L. 1206, art. VI, sec. 627, as amended, 53 P.S. §55627, which provides:

"No Commissioner shall at the same time hold an elective or appointed office under the United States government, the Commonwealth of Pennsylvania,

or any political subdivision of the Commonwealth, except that one member of the commission may be a member of the board of township commissioners."

It is well settled that the above statute was directed against the holding of dual positions by public officers and not mere public employes: Commonwealth ex rel. Foreman v. Hampson, 393 Pa. 467 (1958); Commonwealth v. Bionaz, 36 D. & C. 2d 39 (1964).

In Foreman, supra, our Supreme Court held:

"The test to be applied in determining a public officer was summarized in Alworth v. County of Lackawanna, 85 Pa. Superior Ct. 349, 352, as follows: 'If the officer is chosen by the electorate, or appointed, for a definite and certain tenure in the manner provided by law to an office whose duties are of a grave and important character, *involving some of the functions of government,* and are to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury, it is safe to say that the incumbent is a public officer.'" (Emphasis supplied.)

The court in Foreman, supra, also emphasized that the lack of a fixed term and the nondelegation of sovereign powers weighs against a finding that an individual is a public officer.

In Bionaz, supra, it was stated:

"Numerous criteria have been used to determine whether a person is an officer or an employe. A very important distinction between an office and an employment lies in the fact that an officer exercises some part of the sovereign power or the functions of government and an employe does not. Other factors

must of course be considered, such as tenure and permanency, whether the incumbent is required to take an oath or give a bond, whether he may exercise discretionary power, the dignity of the office and many others . . . The fact that the legislature did not see fit to enumerate any duties to be required of solicitors for school boards but merely permitted the school boards themselves to define the duties of the solicitors, while by no means conclusive, argues against the position being an office.''

It is clear that defendant, McNichol, is not a public officer within the meaning of the law as set forth above. He exercises no governmental function or authority but operates under the direction of the county commissioners. He has no specific term regarding his position and he was not required to take an oath of office nor post bond. His status is that of a public employe and not a public officer.

Therefore, we enter the following

### ORDER

And now, April 23, 1974, upon consideration of the record and briefs submitted by respective counsel, it is hereby ordered and decreed that:

(1) The relator, Peter G. Earle, lacks the requisite capacity to maintain the suit herein;

(2) The complaint of Peter G. Earle fails to state a cause of action against defendant, John F. McNichol;

(3) Defendant's preliminary objections to the complaint are sustained and said complaint is dismissed.